# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 20, 2019

159813

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

JOSEPH S. BELL,
        Plaintiff-Appellant,

v

CITY OF SAGINAW,
        Defendant-Appellee.

SC: 159813
COA: 341858
MCAC: 14-000081

_____/

On order of the Court, the application for leave to appeal the May 21, 2019 judgment of the Court of Appeals is considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Workers' Compensation Board of Magistrates for further consideration. The magistrate concluded that, although the plaintiff had suffered a work-related injury, a determination of his residual wage-earning capacity in 2012 and in 2014 was moot because he had failed to make a good-faith effort to look for work within his qualifications and training in those years. However, the magistrate failed to address "what jobs, if any, [the plaintiff] is qualified and trained to perform *within the same salary range as his maximum earning capacity* at the time of the injury." See *Stokes v Chrysler, LLC*, 481 Mich 266, 282 (2008) (emphasis added). On remand, the magistrate shall make findings regarding this component of a prima facie case of disability. On the basis of those findings, the magistrate shall then make findings as to whether the plaintiff successfully bore his burden of proving the remaining components of a prima facie case of disability, specifically, "that his work-related injury prevents him from performing some or all of the jobs identified as within his qualifications and training that pay his maximum wages" and that "if the [plaintiff] is capable of performing any of the jobs identified . . . that he cannot obtain any of these jobs." *Id.* at 283; see also *id.* (stating that "[t]he claimant must make a good-faith attempt to procure post-injury employment *if there are jobs at the same salary or higher that he is qualified and trained to perform and the claimant's work-related injury does not preclude performance*") (emphasis added).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 20, 2019



Clerk

p1113